IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JASON BAKER             PLAINTIFF

V.          CASE NO. 10-2138

V. E. ENTERPRISES             DEFENDANT

## STIPULATED PROTECTIVE ORDER

1. Except as otherwise ordered by the Court, this Order shall apply to all documents and items supplied by V.E. ENTERPRISES in this case which are designated as "confidential" or "subject to Protective Order" or similar designation.

2. "Confidential Information" shall be deemed to include, without limitation, any documents, written discovery responses, or deposition testimony that a Party or its counsel designates as confidential based upon a good faith belief that the designation is appropriate because either documents, written discovery responses, or deposition testimony contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal or private nature, as mandated and governed by Rule 26 [c] [7] of the Federal Rules of Civil Procedure.

3. A Party or its counsel must designate in writing information as Confidential Information. Such designation may be by letter.

4. Information revealed or contained in a deposition which is confidential pursuant to this Order shall be identified in the deposition as being confidential and subject to this Order.

REC'D OCT 01 2010

That portion of the deposition shall thereafter be separately reflected as confidential and being subject to this Protective Order.

5. Except with prior written consent of counsel of V.E. ENTERPRISES or prior order of the Court, confidential information subject to this Protective Order shall only be disclosed as follows: (a) to counsel of record for the respective parties including their office and clerical staff; (b) officers, directors and necessary employees of any party in connection with the trial preparation of that party in this case; (c) expert witnesses or consultants engaged by a party to assist in the prosecution or defense of the action provided such witnesses and consultants separately agree to be bound and governed by the terms of this Order; (d) the Court and Court personnel subject to such safeguards as the Court may deem necessary; (e) non-party witnesses and their counsel only to the extent disclosure is necessary for their testimony and provided that they shall separately agree to be bound and governed by the terms of this Order.

6. All parties and persons to whom confidential information and/or documents are disclosed are authorized only to use such information and documents in connection with this action and are precluded from disclosing the information or documents to any other person except as specifically provided herein. No person receiving or reviewing such confidential information shall disclose it or its contents to any person other than those authorized by this Order and for the purposes specified in this Order.

7. At the conclusion of this litigation, the parties and their counsel shall, upon request, return to counsel for V.E. ENTERPRISES all documents and items which are confidential and supplied subject to this Order as well as any copy, notes, or record of confidential information

REC'D OCT 01 2010

supplied by V.E. ENTERPRISES subject to this Order including copies supplied to experts, consultants, or witnesses.

8. If any party disputes the designation by V.E. ENTERPRISES of any particular document or information as confidential and subject to this Protective Order then, in that event, the parties so disputing the designation may apply to the Court for a determination as to whether that particular document or information should be subject to this Protective Order.

9. The provisions of this Order shall survive and remain in force and effect after the conclusion of this litigation whether the conclusion be by settlement or litigation. The Court retains jurisdiction to construe and enforce the provisions of this Order. The treatment of confidential information to be introduced at trial shall be the subject of a later Order as will be determined by the Court at a later date.

IT IS SO ORDERED.

_____
U. S. District Court Judge

DATED: Dec 7, 2010

APPROVED AND AGREED TO:

McKINNON LAW FIRM
Attorney for Plaintiff
P.O. Box 1127
Fayetteville, AR 72702-1127

By: _____
    Laura J. McKinnon    AR BIN 84104


THE BARBER LAW FIRM
Attorneys for Defendant
2700 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3414
(501) 372-6175

By: _____
    James D. Robertson    AR BIN 95181

REC'D OCT 01 2010